IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-75-1H
No. 5:16-CV-203-H

CEDRIC SHARROD WILLIAMS,

    Petitioner,

v.

    **ORDER**

UNITED STATES OF AMERICA,

    Respondent.

This matter is before the court on the government's motion to dismiss, [DE #277], petitioner's 28 U.S.C. § 2255 motion to vacate, [DE #271]. Petitioner responded, [DE #289]. Petitioner's motion to supplement § 2255, [DE #275 and #285], and motion to amend motion to supplement § 2255, [DE #316], are hereby GRANTED; petitioner's motion for leave to relate back, [DE #317], is GRANTED; and petitioner's amended § 2255, [DE #316] is considered timely filed by this court. The court has considered all of petitioner's filings. The time for further filing has expired, and this matter is ripe for adjudication.

## BACKGROUND

On June 9, 2014, petitioner pled guilty, pursuant to a written memorandum of plea agreement, to conspiracy to distribute and

possess with the intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 846 and 841(b)(1)(B) (Count One), and two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Three and Eleven). This court sentenced petitioner to a total term of imprisonment of 480 months on May 12, 2015. Petitioner did not appeal.

Petitioner then timely filed the instant motion to vacate on April 25, 2016, claiming counsel was ineffective by allegedly erroneously advising petitioner that he could be held criminally liable under 18 U.S.C. § 924(c) for Counts Three and Eleven for firearms found in his girlfriend's home where drugs were located. [DE #271-1 at 4-7; DE #275 at 1]. Petitioner also alleges that his convictions for Counts Three and Eleven should be dismissed in light of Johnson v. United States, 135 S. Ct. 2551 (2015). [DE #271-1 at 7-9].

## COURT'S DISCUSSION

### I. Johnson Claim

In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 235 S. Ct. at 2557. In Welch v. United States, 136 S.

2

Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review.

Here, petitioner was not sentenced under ACCA. Petitioner's two convictions under 18 U.S.C. § 924(c) were based upon possession of a firearm in furtherance of drug trafficking crimes and not crimes of violence or violent felonies. [PSR at 1]. Therefore, the Supreme Court's decisions in Johnson and Welch, invalidating the residual clause of ACCA's definition of violent felony, cannot provide a basis for petitioner's requested relief.

**II.    Ineffective Assistance of Counsel ("IAC") Standard**

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance." Id. at 689. The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S.

3

107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Petitioner alleges counsel rendered ineffective assistance when counsel "erroneously informed him that a conviction [under § 924(c) for Counts Three and Eleven] could be based on mere presence of a gun on the premises where drugs are." [DE #271 at 4]. Petitioner argues mere presence of the firearm was not enough to show the firearm was used "in furtherance of" the drug trafficking crimes. United States v. Lomax, 293 F.3d 701, 704 (4th Cir. 2002) (finding sufficient evidence of possession "in furtherance of" drug trafficking crime).

In light of the evidence surrounding petitioner's drug trafficking in heroin, including his admission to agents in June 2012 "that there was heroin, money, and a shotgun at his residence," and in June 2013 that "he possessed the firearm for protection as a result of his drug trafficking activities," [PSR at ¶23], the court finds there was sufficient evidence to support a finding that the firearms were used in furtherance of petitioner's drug trafficking crimes, and counsel's advice in light of this evidence did not "f[a]ll below the standard of reasonably effective assistance." Strickland, 466 U.S. at 687-

4

91. Instead, the court finds counsel's conduct was "within the wide range of reasonable professional assistance." Id. at 689.

For the reasons stated above as well as in the government's memorandum, the court finds petitioner has failed to state a claim upon which relief may be granted, specifically that he has failed to state a claim for ineffective assistance of counsel.

**CONCLUSION**

For the foregoing reasons, the government's motion to dismiss, [DE #277], is GRANTED. Petitioner's motion to vacate, [DE #271], is DISMISSED. Petitioner's motions to supplement § 2255, [DE #275 and #285], and motion to amend motion to supplement § 2255, [DE #316], are GRANTED. Petitioner's motion for leave to relate back, [DE #317], is GRANTED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find

this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 23rd day of July 2018.

                                          Malcolm J. Howard
                                          Senior United States District Judge

At Greenville, NC
#35