IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-75-1H

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| CEDRIC WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on limited remand from the Fourth Circuit for the express purpose of allowing this court to determine when Williams received notice of this court's entry of its final order and whether Williams is entitled to a reopening of the appeal period pursuant to Rule 4(a)(6).

With this express purpose in mind, the court finds as follows: This court entered a final order and judgment on Williams' § 2255 motion on July 24, 2018. A copy was mailed to petitioner via US mail at FCI Morganton. On August 21, 2018, the mail sent to petitioner was returned as undeliverable, noting that defendant was no longer located at FCI Morganton. On October 26, 2018, the clerk mailed a copy to defendant at USP McCreary. As that mail was not returned as undeliverable and as defendant made filings in

his case in early November 2018, the court finds that defendant received notice with the mailing of October 26, 2018.

The Fourth Circuit's limited remand further instructs this court to determine whether defendant is entitled to a reopening of the appeal period pursuant to Rule 4(a)(6). Rule 4(a)(6) provides:

> **(6)** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Here, as discussed above, defendant did not receive notice of the entry of judgment sought to be appealed within 21 days after entry, satisfying the condition of subsection (a). The Fourth Circuit has construed defendant's letter attached to his notice of appeal as a motion to reopen the appeal period pursuant to Fed. R. App. P. 4(a)(6). The Fourth Circuit has also construed the notice of appeal and attached letter/motion as being filed on November 4, 2018. November 4, 2018, is both within 180 days after the judgment

2

was entered and within 14 days after notice was received. Therefore the conditions of subsection (b) are met. Finally, subsection (c) requires the court to find that no party would be prejudiced. There is no evidence of any prejudice which would ensue if the time to appeal is reopened.

Therefore, finding all three conditions are satisfied, the court finds defendant is entitled to a reopening of the appeal period pursuant to Rule 4(a)(6). The court directs the clerk to send a copy of this order to the Fourth Circuit Court of Appeals in accordance with the Fourth Circuit's limited remand order.

This 29th day of January 2019.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

3